IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Flagstar Bank, F.S.B., | ) | C/A No.: 5:16-1979-JMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Ruby Elaine Pinnex and Mortgage Electronic Registration Systems, Inc., as nominee for Homecomings Financial Network, Inc., | ) ) ) ) ) | |
| Defendants. | ) ) | |

Ruby Elaine Pinnex ("Pinnex"), proceeding pro se, filed a notice of removal that purports to remove a mortgage foreclosure action filed in the Court of Common Pleas in Calhoun County, South Carolina, Case No. 2015-CP-09-00126. [ECF Nos. 1 at 1; 1-1]. All pretrial proceedings in this matter were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.). For the reasons that follow, the undersigned recommends that the district judge deny Pinnex's motion to proceed in forma pauperis [ECF No. 3]. However, even if Pinnex were to pay the filing fee, the undersigned recommends this matter be remanded for lack of subject matter jurisdiction.

I.      Factual and Procedural Background

Pinnex purports to remove a mortgage foreclosure action associated with property located at 204 Baronet Lane, Elloree, SC, 29047. [ECF No. 1-1 at 32–38]. Pinnex alleges she is removing the action "for Lack of Subject Matter Jurisdiction pursuant to Federal

Rule of Civil Procedure 12b(1)" and argues the "[d]efense of lack of jurisdiction over the subject matter may be raised at any time, even on appeal." [ECF No. 1 at 1].

II.   Discussion

A.   Motion to proceed in forma pauperis

Grants or denials of applications to proceed in forma pauperis are left to the discretion of federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). There is no clear precedent in the Fourth Circuit concerning a magistrate judge's authority to issue an order denying an application to proceed in forma pauperis.[1] The Sixth Circuit has concluded that a magistrate judge cannot issue an order to deny an application to proceed in forma pauperis. *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990). Specifically, the *Woods* court ruled a denial of an application to proceed in forma pauperis by a magistrate judge is the functional equivalent of an involuntary dismissal, which cannot be granted by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). *Id.* at 187. The Tenth and Fifth Circuits have reached similar conclusions. *See Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Donaldson v. Ducote*, 373 F.3d 622, 623–25 (5th Cir. 2004). Therefore, the undersigned submits a report and recommendation to preserve Plaintiff's opportunity to obtain *de novo* review by the district judge on objections.

---

[1] The Fourth Circuit has held that, absent consent to the jurisdiction of the magistrate judge, proper review of a magistrate judge's denial of a plaintiff's motion to proceed in forma pauperis is in the district court. *Gent v. Radford Univ.*, No. 99-1431, 1999 WL 503537, at *1 (4th Cir. July 16, 1999). However, the court did not specify the standard of review. *Id.*

A litigant is not required to show he or she is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). However, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). In *Carter v. Telectron, Inc.*, 452 F. Supp. 939 (S.D. Tex. 1976), the court enunciated three legal tests used to determine whether a person should proceed in forma pauperis under 28 U.S.C. § 1915:

>  (1) Is the litigant barred from the federal courts by the reason of his or her "impecunity"?
>
>  (2) Is his or her access to the courts blocked by the imposition of an undue hardship?
>
>  (3) Is the litigant forced to contribute his or her last dollar, or render himself or herself destitute, to prosecute his or her claim?

*Id.* at 943; s*ee also Murray v. Gossett*, C/A No. 3:13-2552-CMC-SVH, 2013 WL 5670907, at *2 (D.S.C. Oct. 17, 2013) (adopting and incorporating Report and Recommendation).

Pinnex's motion reveals she has a monthly income of $6,430, and $1,800 in a cash or checking or savings account. [ECF No. 3]. Pinnex indicates she has regular monthly expenses totaling $1,069, and $775 in debt. *Id.* at 2. Pinnex does not list any dependents. *Id.* Upon review of the information before the court, and mindful of the tests set forth in *Carter*, it does not appear Pinnex would be rendered destitute by paying the filing fee of

3

$400 (including a $50 administrative fee), nor is there any indication that requiring payment of the filing fee would impose an undue hardship or effectively block Pinnex's access to the courts. *See Carter*, 452 F. Supp. at 942 (holding plaintiff was not indigent because he had the right to collect a judgment of $5,486.76); *see also Ali v. Cuyler*, 547 F. Supp. 129 (E.D. Pa. 1982) (finding $450.00 in savings sufficient to allow the plaintiff to pay the filing fee of $60.00 without foregoing basic human needs). Therefore, the undersigned recommends the district judge deny Pinnex's Application to Proceed in District Court without Prepaying Fees or Costs.

B.     Jurisdiction

The removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court, if the state court action could have been originally filed there. *See Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 186 (4th Cir. 2002). Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there is federal question jurisdiction under 28 U.S.C. § 1331. Federal courts have held that removal statutes are to be construed against removal jurisdiction and in favor of remand. *See*, *e.g.*, *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990); *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434, 436 (W.D. Va. 1990). A federal court should remand the case to state court if there is no federal subject matter jurisdiction evident from the face of the notice of removal and any state court pleadings provided. *Ellenburg v. Spartan Motor Chassis,*

*Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Thus, *sua sponte* remand is available under appropriate circumstances.[2]

Pinnex seeks to remove a state law mortgage foreclosure action, but does not identify a viable basis for jurisdiction. To the extent Pinnex seeks to remove this civil action under 28 U.S.C. § 1331, the essential allegations contained in the complaint do not allege that the case is one "arising under the Constitution, laws, or treaties of the United States." Pinnex appears to argue that she has a defense of lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) [ECF No. 1], but a defense based on a federal statute or constitutional amendment does not establish removal jurisdiction.[3] *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1275 (4th Cir. 1985) ("A federal defense to a state cause of action is not sufficient to invoke federal jurisdiction.").

To the extent Pinnex seeks to remove this civil action based on diversity of citizenship under 23 U.S.C. § 1332, a case may not be removed to federal court if any defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2); *Lincoln Property Co. v. Roche*, 546 U.S. 81, 90 (2005). As Pinnex is a citizen of South Carolina [ECF No. 1], her action may not be removed under § 1332. Because removal of this case under

---

[2] The undersigned expresses no opinion at this time whether procedural defects in the removal would provide a basis for remand upon a properly-filed motion by Plaintiff.

[3] Pinnex argues that the "defense of lack of jurisdiction over the subject matter may be raised at any time, even on appeal." [ECF No. 1]. Although Defendant's statement is true, it is inapplicable to the removal of her state court case. Removal of an action to federal court is a distinct legal concept from appeal. It appears Plaintiff has an opportunity to raise a defense of lack of subject matter jurisdiction in state court at this time and need not wait for appeal. Even if the case were ripe for appeal, this court does not have appellate jurisdiction over a state foreclosure action.

federal question or diversity jurisdiction is improper, the case should be remanded to state court.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the district judge deny Pinnex's motion to proceed in forma pauperis [ECF No. 3]. In the event Pinnex pays the filing fee, the undersigned recommends the district judge remand this matter to the Court of Common Pleas of Calhoun County, South Carolina for lack of subject matter jurisdiction. Because this is only a recommendation, the Clerk of Court shall not immediately certify this matter to the Court of Common Pleas for Calhoun County. If both parties in this case fail to file written objections to this Report and Recommendation within fourteen days after this document is filed, or, if either party files written objections to this Report and Recommendation within fourteen days after this document is filed, the Office of the Clerk of Court, at the end of the fourteen day period, shall forward the case file and any objections to the United States District Judge for a final disposition.

IT IS SO RECOMMENDED.

June 21, 2016                                           Shiva V. Hodges
Columbia, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).